The judgment of the district court will be reversed, and the cause remanded for a new trial.

---

## ED. KRAPP v. C. HAUER.

CONTINUANCE, *Refused; Remark of Court, not Erroneous.* Where a plaintiff, by his counsel, asks the court to continue a case after the jury has been called, because of his illness, and who, being sworn, states that he is too ill to be present during the trial, but upon further examination states that he had traveled five miles that day, was able to be about town, and finally testified that he was able and ready to proceed with the trial; and following this he requests the court to fur-

ther delay the trial in order that he may call his witnesses so as to determine whether he would ask for a continuance on account of absent witnesses; and the court thereupon ordered the trial to proceed, remarking that plaintiff's counsel were trifling with the court: *Held*, That the remark and action of the court were not unjustifiable nor erroneous.

*Error from Wabaunsee District Court.*

THE opinion states the case.

*E. H. Sanford,* for plaintiff in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action for the recovery of $27.30, brought by Ed. Krapp against C. Hauer, before a justice of the peace of Wabaunsee county. It was removed by appeal to the district court, where it was tried with a jury at the October term, 1884, and resulted in a verdict for the defendant. The plaintiff's petition in error is founded on a case-made which contains none of the evidence. The record as it is made up presents no question of importance for decision. The chief complaint of plaintiff is that the court made improper and prejudicial remarks concerning him during the progress of the trial and in the presence of the jury. It appears that after the case was called for trial, plaintiff, by his counsel, asked the court to pass the cause for a day on account of the indisposition of the plaintiff. The plaintiff was then sworn, and he stated that he was a material witness in the case, and that he would not be able, on account of ill-health, to be present throughout the trial. Upon further examination he testified that he resided about five miles from Alma; that he came from home that morning; that he had been about town since he reached Alma; and that his illness did not prevent him from going about town, and he finally stated that he was able and ready to proceed with the trial. He then requested the court to have time to call his witnesses in order to determine whether he would apply for a continuance on account of absent witnesses. This request the court refused, and ordered

the trial to proceed "because it was clear that plaintiff's attorneys were trifling with the court." We think the court did not improperly characterize the transaction. As the record reads, the attempt to delay the trial after the case was called was irregular and unreasonable. If the sickness of the plaintiff was such as to prevent his attendance at court, an application for a continuance should have been made before the calling of the jury. The testimony of the plaintiff regarding his so-called illness was somewhat strange. After testifying that he was so indisposed as to be unable to be present, he was compelled upon further examination to state that he was able and ready to proceed with the trial; and it seems that he was present throughout the trial, aiding and advising his counsel, and was sworn and examined as a witness. The subsequent effort to obtain a delay in order that he might ascertain whether he was ready for trial, was frivolous and unjustifiable, and the court did not misname the conduct when he said it was trifling. No reason is given why the plaintiff could not and did not ascertain whether his witnesses were present or absent in advance of going to trial, and therefore we must conclude that none existed.

From the record we discover no grounds for interfering with the verdict and judgment of the district court, and hence there must be an affirmance.

All the Justices concurring.